**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **GERALD WAYNE HAMPTON** | **CASE NO. 1:24-CV-00124** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WALMART STORE #539 ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Set Aside Default [Doc. No. 14] filed by Defendants Walmart, Inc. ("Walmart"), Robert Scothorn ("Scothorn"), and Kendrick Slang ("Slang") (collectively "Defendants"). Defendants move to set aside the default entered against them on April 22, 2024 [Doc. No. 10].

Defendants were named as Defendants in the initial Complaint [Doc. No. 1] filed on January 29, 2024. Summons were issued as to Defendants on February 22, 2024, and the summons were returned executed on March 27, 2024. Answers were due on April 17, 2024. No answers were filed. On April 19, 2024, Plaintiff filed a Motion/Request for Entry of Default as to Defendants [Doc. No. 9]. On that same day, a Notice of Entry of Default against Defendants [Doc. No. 10] was filed by the Clerk of Court.

Defendants submit that the failure to timely file an answer was the result of improper service. Further, Defendants submit that they informed *pro se* Plaintiff Gerald Hampton ("Hampton") of the deficiency to avoid such. Defendants also argue on this point that because service of process was improper, they have not waived defects to service and have no duty to answer Hampton's lawsuit at this time. Finally, Defendants aver that Hampton will not be prejudiced if the default is set aside and "meritorious defenses will be presented in the responsive pleadings once service is perfected" [Doc. No. 14, p. 2].

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960). Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

The Fifth Circuit has established a three-part test for determining whether to set aside the default. "[T]he district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5thCir. 1985). The Court may also consider whether "the defendant acted expeditiously to correct the default." See *Dierschke v. O'Cheskey (In re Dierschke*), 975 F.2d 181, 184 (5th Cir.1992).

The Fifth Circuit has defined willfulness as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d at 370 n.32. Here, Defendants have shown that the failure to respond was not intentional. Rather, due to improper service, responsive pleadings were not filed timely.

Additionally, here there is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000). Setting aside the default would have no effect other than to require

2

Plaintiff to litigate his cause. Thus, allowing Defendants the opportunity to file responsive pleadings would not prejudice Hampton.

As noted above, resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

Accordingly, for the above reasons,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Default [Doc. No. 14] is **GRANTED**. The default entered against Defendants on April 22, 2024 [Doc. No. 10] is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendants file responsive pleadings no later than May 29, 2024.

MONROE, LOUISIANA, this 29th day of April 2024.

Terry A. Doughty
United States District Judge