b

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD WAYNE HAMPTON, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00124 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| WALMART STORE # 539, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Defendants Walmart, Inc. ("Walmart"), Robert Scothorn ("Scothorn"), and Kendrick Slang ("Slang") filed a Motion to Dismiss for Insufficient Service of Process. ECF No. 16. Subsequently, Plaintiff Gerald Wayne Hampton ("Hampton") filed a Motion to Amend/Correct Complaint. ECF No. 21.

Because Hampton has not shown that he properly served Walmart, Walmart's Motion to Dismiss pursuant to Fed. R. Civ. P. 5(h) (ECF No. 16) should be GRANTED, and Hampton's Complaint should be DISMISSED WITHOUT PREJUDICE. Hampton's Motion to Amend/Correct Complaint (ECF No 21) should be DENIED AS MOOT.

## I.    Background

Hampton filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* against Walmart, Scothorn, and Slang, alleging employment discrimination. Hampton, an employee of Walmart, contends his supervisors Slang and Scothorn, discriminated against him based on his gender (apparently because he

is homosexual) by giving him "negative disciplinary feedback," and tried to fire him in "retaliation," and subjected him to a hostile work environment. After his termination was cancelled (because he filed an EEOC complaint), he was given "unfair scheduling" and job duties, and also claims he was sexually harassed in retaliation.

Defendants filed a Motion to Dismiss for Insufficient Service of Process pursuant to Fed. R. Civ. P. 12(b)(5). ECF No. 16. Hampton opposes that motion. ECF No. 23. He also filed a Motion to Amend/Correct Complaint (ECF No. 21). In his Motion to Amend/Correct, Hampton seeks to clarify that he is not seeking to hold Slang or Scothorn personally liable but, rather, only Walmart. ECF No. 21.

The parties then filed a Joint Voluntary Motion to Dismiss Scothorn and Slang (ECF No. 29), which was granted (ECF No. 30).[1] Walmart is the sole remaining Defendant.

II.    <u>Law and Analysis</u>

    A.    <u>Walmart's Motion to Dismiss for Insufficient Service of Process should be granted.</u>

Walmart is an Arkansas corporation registered to do business in Louisiana, and that its designated agent for service of process in Louisiana is CT Corporation. Walmart contends it was not properly served by Hampton.

---

[1] Hampton has also filed a Motion for Summary Judgment against Walmart (ECF No. 31), which is before the District Judge.

A "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Wade v. Home Depot USA, Inc.*, 2015 WL 1623898, at *1 (W.D. La. 2015) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2013)). "The plaintiff has the burden to demonstrate valid service when an objection is made." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

> Fed R. Civ. P. 4(h)(1) gives two ways to serve corporations located within the United States. First, a plaintiff can serve the corporation in compliance with state law where the district court is located or state law where service is made. *See* Fed. R. Civ. P. 4(h)(1). In Louisiana, personal service on the corporation's designated agent for service of process is required. *See* La. Code. Civ. Proc. art. 1261(A). If the corporation has not designated an agent, if there is no registered agent by reason of death, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service may be made by personal service on any officer, director, or "employee of suitable age and discretion at any place where the business of the corporation is regularly conducted." *Id.* Second, Rule 4(h)(1)(B) allows service on the corporation by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process for the corporation. In addition, a defendant corporation can waive service under Rule 4(d).

*Duncan v. City of Hammond,* 2009 WL 10680059, at *1 (E.D. La. 2009).[2]

Hampton attempted service on "Walmart, Inc." by personal service of the summons and complaint on a Walmart employee, Marsha Bates ("Bates"). Hampton

---

[2] The "serving party bears the burden of proving the validity of service or good cause for failure to effect timely service." *Lisson v. ING Groep N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (citing *Holly v. Metropolitan Transit Authority,* 213 Fed. Appx. 343, 344–45 (5th Cir. 2007), and *Carimi,* 959 F.2d at 1346).

3

contends that Bates was a Team Leader at Walmart Store No. 539.    Walmart contends that Bates is not affiliated with CT Corporation.

Hampton has not shown that Bates was an officer or managing agent of Walmart,[3] that she was affiliated with CT Corporation, or that she was otherwise authorized to accept service.  Walmart affirmatively asserts the converse.  Nor has Hampton certified that he diligently attempted to serve Walmart's registered agent before serving Bates.  And Walmart has not waived service.

Additionally, the Fifth Circuit has held that the individual sought to be served must have been actually authorized to accept service of process on the would-be principal's behalf.  *See Lisson*, 262 Fed. Appx. at 569 (citing *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401, at *3 (E.D. at 1991).   Service on an unauthorized employee is insufficient "even if such service [is] sufficient to apprise [the Corporation] of the action pending against it."   *Id; see also Wade,* 2015 WL 1623898, at *2;  *Duncan,* 2009 WL 10680059, at *1.

Because Hampton has not shown that he properly served Walmart, Walmart's Motion to Dismiss pursuant to Fed. R. Civ. P. 5(h) should be granted.

---

[3] In *Lone Star Package Car Co. v. Baltimore & Ohio Railroad Co.*, 212 F.2d 147, 152 (5th Cir. 1954), the Court held that "[i]f a corporation's business is so substantial as to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state meets the test of a 'managing agent.'"   *See Duncan,* 2009 WL 10680059, at *1. Hampton states only that Bates was a "Team Leader" at the Walmart where he worked. Hampton has not shown that Bates was the manager of the Walmart where she worked, nor has he shown that she was the managing agent for Walmart in Louisiana.

**B.** <u>Hampton's Motion to Amend/Correct Complaint should be denied as moot.</u>

Hampton filed a Motion to Amend/Correct Complaint.  ECF No. 21.  Because his Complaint should be dismissed for insufficient service, and there are no other Defendants remaining, Hampton's Motion to Amend/Correct (ECF No. 21) should be denied as moot.

**III.** <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Walmart's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 16) be GRANTED and that Hampton's Complaint be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Hampton's Motion to Amend/Correct Complaint (ECF No. 21) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

5

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _____12th_____ day of November 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge

6